**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**v.**

**AFFIDAVIT**

**Teyo J. Waite**                                                                      **DEFENDANT**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I, Thomas Clements, being duly sworn, do hereby depose and state:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am employed as a Task Force Officer (TFO) with the United States Department of Justice, Drug Enforcement Administration (DEA), and have been such since February 2025. I am currently assigned to the DEA Lexington Resident Office (LRO) Enforcement Group in Lexington, Kentucky and have been since January 2020.   My current duty assignment includes, but is not limited to, investigating complex drug conspiracies and organizations and individuals involved in the possession of and trafficking in controlled substances.  I am authorized and have the responsibility to investigate persons for violations of federal law, involving the unlawful distribution of drugs, (21 U.S.C. § 841(a)(1)), and attempt and conspiracy to commit the same (21 U.S.C. § 846). In my capacity as a DEA TFO, I am authorized to arrest people for violations of federal law, including those offenses listed above.

2.  I have also attended training schools and have been instructed in many aspects of narcotic investigations and am familiar with the narcotic laws promulgated under Title 21 of the

1

United States Code and federal money laundering laws promulgated under Title 18 of the United States Code. I have initiated or participated in surveillance, the operation and debriefing of numerous drug dealers, drug users, and informants, performed both physical and electronic surveillance, executed search warrants, analyzed records documenting the purchase and distribution of illegal drugs, and the concealment of illegal narcotics profits.   In both my capacity as a state narcotics detective and federal Task Force Officer, I have participated in drug investigations extensively, including possession and distribution of fentanyl, cocaine, heroin, methamphetamine, and other drugs.  I have debriefed defendants, cooperating individuals, and witnesses who, from their personal knowledge, related how they amassed, spent, converted, transported, distributed, and concealed the proceeds of their unlawful drug trafficking.

3.      This affidavit is based upon my personal knowledge as well as information reported to me, during the course of my official duties, by other investigators participating in the enforcement actions described below, specifically the Lexington Police Department (LPD). The information contained in this affidavit is not a complete account of everything known to me about this case. Rather, it contains the facts that I believe are sufficient to support a finding of probable cause related to the offense charged to the respective defendant.

4.      This investigation to date indicates that on or about July 14, 2026, in Fayette County Kentucky, in the Eastern District of Kentucky, Teyo J. Waite did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and fentanyl, both a Schedule II controlled substance, in violation of 21 U.S.C. § 841.  The following facts support the finding of probable cause for these offenses.

**PROBABLE CAUSE**

5.      On July 14, 2026 at approximately 2:33 a.m., members of the Lexington Police Department (LPD) responded to a dispatched call for service in reference to a vehicle described as a dark colored SUV failing to move after numerous cycles of the traffic light in the area of Georgetown Road and Mercer Road.  The caller advised Lexington E911 dispatch that other motorists were honking their horns and having to go around the SUV as it stayed stationary in the outbound lane.

6.      On this date at approximately 2:39 a.m., LPD Officer T. Galusha arrived in the area and located a dark gray SUV bearing Kentucky registration plate X3S647 stationary on the off ramp of New Circle Road onto Georgetown Road. LPD Officer T. Galusha activated his emergency lights behind the vehicle and observed the brake lights of the SUV to be on.  LPD Officer T. Galusha approached the vehicle and observed the driver and sole occupant of the vehicle asleep in the driver's seat, with the vehicle still in gear, and the driver's foot on the brake.

7.  Additional LPD officers arrived on scene and attempted to wake the operator by knocking on the window, shining their flashlights inside the vehicle and physically rocking the vehicle, however they were unable to awake the operator.  While looking into the vehicle LPD officers observed an open liquor bottle between the driver's feet.  After several attempts to wake the operator, Officer Galusha observed the operator appearing to have labored breathing and requested emergency medical personnel.

8. Based on LPD officers believing the operator was in need of immediate medical attention, they proceeded to make forced entry into the vehicle by breaking out the driver's window.  LPD officers struck the window numerous times in an attempt to break the window to gain access, which still did not awake the operator.  After breaking the window LPD officers

3

opened the car door and placed the vehicle into park. LPD officers conducted a sternum rub, which caused the operator to awake. LPD officers advised the operator, who identified himself as Teyo Waite, was slow to respond to questions, was confused, and appeared to be unaware of the situation or events taking place. LPD officers requested Waite to exit the vehicle and while doing so asked if he had any firearms on his person. Waite then began to reach back towards the center console of the vehicle before being directed by LPD officers to not reach for anything and to exit the vehicle.

9. Upon Waite exiting the vehicle, LPD officers observed a loaded Glock Model 21, .45 caliber (serial number WCZ603) handgun with an extended magazine positioned between the driver's seat and center console in plain view.

10. LPD officers then conducted a search of the vehicle, a 2019 Mazda CX-9 bearing Kentucky registration plate X3S647, which was determined to be registered to Teyo Waite. During the search of the vehicle, LPD officers located a black bag in the rear passenger seat which contained approximately 209.2 grams of suspected methamphetamine, 127.9 grams of suspected fentanyl powder, and a black digital scale with suspected drug residue. A tan bag was located next to the black bag and contained $4,485 in various U.S. currency, along with three unmarked pill bottles containing various pills. Additionally, a box of clear sandwich style bags were located in the back seat next to the two previously mentioned bags. Based on your affiant's training and experience, clear sandwich bags are commonly used by narcotics traffickers to package narcotics for distribution.

11. On July 20, 2026, a "field test" of the suspected narcotics was conducted utilizing a past proven law enforcement investigative tool. The suspected methamphetamine and fentanyl were tested utilizing a handheld mass spectrometer commonly referred to as a TruNarc. The

4

results of the TruNarc test returned a positive result for the respective quantities of methamphetamine and fentanyl that had been located inside Waite's vehicle.

12. Based on the facts stated above, it's your affiant's opinion that Teyo Waite was knowingly and intentionally in possession of controlled substances with the intent to distribute in Fayette County, Kentucky, in the Eastern District of Kentucky. The amounts located in the vehicle, along with the other listed items, are entirely consistent with distribution as opposed to mere personal use. The information contained within the affidavit supports that on July 14, 2026, Teyo Waite possess with intent to distribute both methamphetamine and fentanyl, Schedule II controlled substances, in violation of 21 U.S.C. § 841.

### CONCLUSION

11.    I believe that the facts set forth above support that there is probable cause to believe that on or about July 14, 2026, in Fayette County, Kentucky, in the Eastern District of Kentucky, Teyo J. Waite did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and fentanyl, both a Schedule II controlled substance, in violation of 21 U.S.C. § 841. I declare under the penalty of perjury that the above-statement is true and correct to the best of my knowledge, information, and belief.

*/s/ Thomas Clements*
Thomas Clements, Task Force Officer
Drug Enforcement Administration

Affiant attested by reliable electronic means (telephone) per FRCrP 4.1 on this 22nd day of July, 2026.

U.S. MAGISTRATE JUDGE